SAMUEL T. BUSSY, RESPONDENT, v. WILLIAM A. HATCH, PROSECUTOR.

Submitted July 1, 1920—Decided November 4, 1920.

Plaintiff testified that defendant, a garage man, took plaintiff's automobile upon his express promise to furnish sufficient heat to keep the machine from freezing, and when plaintiff went to get his car the water jacket was cracked, due to freezing. These facts were controverted by defendant, but a question of fact was thus presented, and the finding of the trial court will not be disturbed where there was evidence to support it.

On appeal from the District Court of East Orange.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Harry Levin*.

For the respondent, *Kessler & Kessler*.

The opinion of the court was delivered by

MINTURN, J. The plaintiff sued for damages arising out of the failure of the defendant to properly care for the plaintiff's automobile, which the plaintiff stored at the defendant's garage, under an agreement of bailment.

The defendant was the proprietor and manager of the garage, and, if the testimony of plaintiff is to be credited,

defendant, in December, 1917, took the machine upon defendant's express promise to furnish sufficient heat to keep the machine from freezing. That on more than one occasion plaintiff called at the garage, inquired regarding the supply of heat, and was assured by defendant that the necessary heat was being supplied; that in the following month of March he called to take the machine out and found that the water jacket had cracked, owing to an insufficient supply of heat, resulting in the damage complained of.

Upon this state of facts a motion to nonsuit was properly denied, since the plaintiff had made out at least a *prima facie* case. These facts were controverted by the defence, but since the trial court credited the plaintiff's statement, we must, in the presence of testimony to support it, accept that finding of fact as conclusive here. *Home Coupon Co.* v. *Goldfarb*, 78 *N. J. L.* 146; *Warren* v. *Finn*, 84 *Id.* 206; *Upton* v. *Slater*, 83 *Id.* 373.

This testimony was supported by the defendant's admissions, and the whole case resolved itself into one of fact, which the court adjudicated in favor of the plaintiff. The legal status presented was that of an express simple contract of bailment, which the defendant had breached, resulting in the damage. There was no exception noted to the trial court's finding, but had an exception been entered the finding was still one of fact, upon a sufficient basis of testimony to support it, and as observed for that reason not reviewable here. The basic principle of liability involved in the case is that presented and discussed by this court in *Levine* v. *Wolff Co.*, 78 *N. J. L.* 306, where we held that "where defendant as a warehouseman took plaintiff's goods to store, and kept them for two days and nights in its stable upon a wagon where fire consumed them, the question was one of fact whether the defendant bestowed upon the goods thus stored the care required by law." The situation presented in that case is accentuated in the case at bar by the fact that in addition to observing the implied duty of due care, the contractual duty of supplying a reasonable sufficiency of heat was superimposed upon the defendant, and the entire issue was thus reduced to one of fact.

An exception was noted to the overruling of defendant's testimony offered for the purpose of contradicting the plaintiff, who had been called by defendant, and who testified that he had directed the defendant to drain the car. The rejection of this testimony on the ground that its effect would be to impeach the defendant's witnesses is clearly unsupportable under the recognized legal rule. *Fox* v. *Cigar Co.,* 90 *Id.* 483.

But the action of the trial court must be assumed to be non-injurious to defendant and inconsequential upon the issue presented as determined by the trial court; for, manifestly, if the contract between the parties was to supply a sufficiency of heat to keep the water jacket from freezing, the draining of the water jacket or the failure to drain it could not affect the question of defendant's liability for failure to supply the requisite heat, under the contract, whether the water was allowed to remain in the jacket or not. The overruling of this testimony was therefore a matter which did not affect the substantial rights of the defendant, so as to present a basis for reversing the judgment upon a question of procedure not material to the question in issue, under the rule established by section 27 of the New Practice act (*Pamph. L.* 1912, *p.* 382), which provides that no judgment shall be reversed, *inter alia,* for "the improper admission or exclusion of evidence," unless "after examination of the whole case it shall appear that the error injuriously affected the substantial rights of a party." *Osborne* v. *Tinns,* 25 *N. J. L.* 633.

Our examination of the case, therefore, leads us to conclude that the ruling of the trial court in rejecting the proffered testimony, though excluded upon an erroneous ground, did not affect injuriously the substantial rights of the defendant in view of the issue presented and the finding of that court upon that issue.

The judgment will therefore be affirmed.